## Babbitt *versus* Riddell's Executors.

1. If two are employed to perform a certain service, and do not perform it fully, the employer may refuse to pay them. But if they, or one of them does it, the employer can raise no objection in relation to the part which each one performed.

2. If two engage to do certain work, and one violates the contract, by refusing to perform his part, he has no equity to rely upon for a share of the compensation; but it is not so if the failure to perform be occasioned by death.

ERROR to the Court of Common Pleas of *Erie county.*

Assumpsit for money received by defendant for use of plaintiff.

In 1836, the plaintiff's testator, Riddell, and the defendant, Babbitt, were practising attorneys in the Court of Common Pleas of Erie county, but not partners.

A suit in ejectment,—*Heirs of Collins* v. *Geo. Southwick,* was pending in said court, involving the title to a town lot in the borough of Erie. On the 11th of October, 1836, said Southwick entered into a written contract with plaintiff's testator and said Babbitt, to the effect, that if they, Riddell and Babbitt, would jointly render their services in said suit as his attorneys to final judgment, he, said Southwick, would pay them therefor five hundred dollars; but the said sum was not to be paid until the expiration of one year after final judgment, and nothing at all to be paid unless such final judgment should be in favor of said Southwick. The case was tried in the Common Pleas, Babbitt and Riddell jointly conducting the defence, and a verdict and judgment obtained for Southwick. The heirs of Collins removed the case by writ of error to the Supreme Court, pending which writ, to wit, July 4, 1837, plaintiff's testator, Riddell, died. Afterwards, on the 13th of September, 1837, said Southwick entered into a new contract with said Babbitt to the effect, that said Rid-

[Babbitt *v.* Riddell's Executors.]

dell having deceased after the trial of said case in Common Pleas, and before final judgment, he, the said Southwick, would, in case of 'a final decision in his favor, pay said sum of five hundred dollars to Babbitt; he, Babbitt, "settling with the estate of Riddell." The case was attended to and argued in the Supreme Court by Babbitt *alone*, and the judgment of the court below affirmed. On the 12th of September, 1839, said defendant, Babbitt, paid to the plaintiffs, one hundred dollars, as compensation for the services of their testator in the Common Pleas in said case, and refused to pay more. After one year, Babbitt brought suit in his own name against Southwick on said contract, and recovered judgment. Babbitt from time to time collected from Southwick, portions of the judgment—the last on the 25th of January, 1850.

Defendant, Babbitt, requested the court to charge the jury, in effect:

1. That the agreement of Riddell and Babbitt with Southwick, became extinct with the death of Mr. Riddell, before final judgment.

2. That if the final judgment had been against Southwick, Mr. Babbitt would have had no legal claim for his services in the Supreme Court against Mr. Riddell.

3. That if plaintiffs are entitled to any portion of the money recovered by the defendant for services, it is only one-half of such sum as would be the proportion which should be allowed for the services of both in the Common Pleas.

4. If the one hundred dollars paid by defendant is a fair compensation for the service of plaintiff's testator in the Court of Common Pleas, the verdict should be for defendant.

To which the court, GALBRAITH, J., answered:

"The first point is decided in the negative. Cases have been cited of the extinguishment of agreements by the death of one of the parties, but they do not apply to the case here. The parties here still lived—Southwick of the one part, and the other party by Mr. Babbitt, its survivor. The agreement endorsed upon the original one, after the decease of Mr. Riddell, was neither more nor less than the legal effect of the original, under the circumstances. Mr. Babbitt, as the survivor, was bound to fulfil on part of the one party, and Southwick bound to fulfil on his part, as it seems he has done.

"The second point is also decided in the negative.

"To the third and fourth points, it is answered, that the direction asked for is correct, with this explanation, that the compensation is to be regulated upon the basis of the agreement with Southwick, without regard to what would be considered a compensation for the services on a *quantum meruit*. That agreement must be taken as the correct amount for the entire services,

and proportioned according to the services.    Mr. Babbitt could not claim upon it, as the rule of compensation, and turn his partner, or the representatives of his partner or obligor, over to a different rule of compensation—that upon *quantum meruit*. The jury will, therefore, take that agreement as stipulating for the true amount of the whole compensation, and give a verdict according to the evidence as to the proportion to which each is entitled, regulated by that agreement."

Which answers are assigned for error.

*Marshall* and *Thompson*, for plaintiff in error, argued that the contract of the 11th October, 1836,—Babbitt and Riddell with Southwick,—was executory and personal, for the exercise of professional care, diligence and skill as attorneys.    It could not be performed by the executors or administrators of either, and could not survive the decease of either.    It was an entire contract, on which nothing could become due to Riddell or Babbitt until final judgment in favor of Southwick.    It would unquestionably have become extinct by the death of both before final judgment.    For this we refer to Story on Contracts, edition of 1851, sec. 275; *Robson & Drumond*, 22 Eng. C. L. Rep. 81; *Commonwealth* v. *King*, 4 S. & R. 109; *Dickson* v. *Calahan's Adm'rs*, 7 Har. 227.

*Walker* and *Galbraith*, for defendant in error, referred to *Commonwealth* v. *Libo*, 13 S. & R. 175; *Kline* v. *Gundrun*, 1 J. 243; *Kelly* v. *Kauffman*, 6 H. 351.

The opinion of the court was delivered October 30, 1854, by

Lowrie, J.—Two counsel having been employed for a certain sum to prosecute with success a suit at law, one of them, after part of the services had been performed, died, and after that the engagement was completed by the survivor, and he received the compensation: how shall it be divided as between the survivor and the representatives of the deceased?    It is not necessary to consider the question, whether or not the employer might have treated the contract as at an end, when one of the counsel died, for it was not so treated.    If two are employed to perform a certain service, and do not perform it fully, the employer may refuse to pay them.    But if they, or one of them does it, the employer can raise no objection in relation to the part which each one of them performed.    His right to refuse payment depended upon their relation to him.    To each other they stand in a different relation, and out of it arises the implied promise that each shall perform his share of the service, and have his share of the reward, and the shares are presumed to be equal until the contrary appears.    If one of them violates this contract, by refusing

to perform his part, he has ro equity to rely upon for a share of the compensation; but it is not so if his failure to perform is occasioned by death. The survivor having completed the service and received the compensation, must pay to the representatives of the deceased, so much of it as is equivalent to his portion of the work done, and such was the instruction of the court to the jury. This of course excludes the offer of evidence, by which another standard of distribution was intended to be presented.

It is further complained, that the calculation submitted to the jury by the plaintiff was based in part upon an erroneous arithmetical principle; but we do not see how the defendant could be injured by this, seeing that the case was submitted under proper instructions.

Judgment affirmed.

LEWIS, J., dissents on the last point.